IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBIN COLLINS, individually, and as parent and next friend of B.C.,<br><br>      Plaintiff,<br><br>      v.<br><br>ASCENSION VIA CRISTI HOSPITALS, INC., et al.<br><br>      Defendants. | Case No. 22-1223-JAR-RES |

## MEMORANDUM AND ORDER

Plaintiff Robin Collins, individually and as parent and next friend of minor B.C. ("Collins"), seeks leave to file her second amended complaint to add five new paragraphs containing factual allegations. ECF No. 45. Defendants Ascension Via Christi Hospitals, Inc. and Ascension Medical Group Via Christi, P.A. (collectively "Defendants") oppose the Motion. ECF No. 47. For the reasons explained below, the Court denies the Motion.

### I.    BACKGROUND

Plaintiff filed this case on October 3, 2022. ECF No. 1. Highly summarized, Plaintiff alleges that she suffers from a disability, which is exacerbated when she wears a mask. *Id.* at 2-3. Plaintiff alleges that throughout the COVID-19 pandemic, Defendants refused to provide her and her daughter with medical services at Defendants' facilities because Plaintiff was unable to wear a mask or loose-fitting garment around her face. *Id.* at 3-6. Plaintiff's original complaint pled three counts: (1) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, alleging that Defendants discriminated against Plaintiff on the basis of her disability and failed to offer reasonable accommodations for her disability; (2) violation of Section 1557 of the Affordable Care

Act, 42 U.S.C. § 18116, alleging that Defendants discriminated against Plaintiff on the basis of her disability and failed to offer reasonable accommodations for her disability; and (3) violation of the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623, *et seq.*, alleging Defendants committed deceptive acts because they stated that they make reasonable accommodations for individuals with disabilities, but failed to offer Plaintiff such accommodations and she was harmed as a result.  ECF No. 1 at 7-8.

On October 24, 2022, the Court entered an initial order setting a scheduling conference. ECF No. 9.  On November 11, 2022, Defendants filed a motion to dismiss, primarily arguing that Plaintiff fails to state any claim because Defendants offered her reasonable accommodations, but she rejected those accommodations.  *See generally* ECF No. 13.  That same day, Defendants filed a motion to stay discovery pending a ruling on Defendants' motion to dismiss.  ECF No. 15.  The Court denied the motion to stay.  ECF No. 23.

On December 1, 2022, Plaintiff filed an unopposed motion for an extension of time to amend her complaint as a matter of course and to respond to Defendants' motion to dismiss.  ECF No. 24.  The Court granted the motion as unopposed and extended the deadline for Plaintiff to respond to Defendants' motion to dismiss and to amend her complaint as a matter of course to on or before December 16, 2022.  ECF No. 25.

On December 13, 2022, the Court held a scheduling conference.  ECF No. 26.  On December 14, 2022, the Court entered the scheduling order, which adopted nearly all of the dates Plaintiff proposed for discovery including a January 20, 2023 deadline for any motion to amend.  ECF No. 27.[1]

---

[1] On November 21, 2022, the parties submitted the proposed scheduling order.  *See* ECF No. 9 at 2 (initial order setting deadline to submit the proposed scheduling order).  At the time the parties submitted the proposed scheduling order, the parties were in the middle of briefing

On December 16, 2022, Plaintiff timely filed her first amended complaint and response to Defendants' motion to dismiss. ECF Nos. 28-29. In the amended complaint, Plaintiff asserted the same three counts, but added factual allegations, including allegations regarding Defendants' representations on reasonable accommodations. *See, e.g.*, *id.* at 3, ¶¶ 17-18; *id.* at 4, ¶ 14.[2]

In light of the amended complaint, the Court found Defendants' motion to dismiss moot. ECF No. 30. On January 13, 2023, Defendants filed a new motion to dismiss the first amended complaint, raising many of the same arguments contained in their first motion to dismiss. *See* ECF No. 37. By February 22, 2023, the motion to dismiss was fully briefed. *See* ECF No. 41 (Plaintiff's Memorandum in Opposition to Motion to Dismiss); ECF No. 43 (Reply in Support of Defendants' Motion to Dismiss).

On March 16, 2023, nearly two months after the deadline to amend the pleadings and one month after the new motion to dismiss was fully briefed, Plaintiff filed this Motion. ECF No. 45. Plaintiff seeks to add five new paragraphs containing factual allegations. ECF No. 45-2 at 8, ¶¶ 47-51. In four of these paragraphs, Plaintiff alleges that despite Defendants' continuing requirement for individuals to wear masks upon entry to their facilities, on several occasions spanning from December 5, 2022, to February 23, 2023, Plaintiff's stepson and significant other were permitted to enter Defendants' facilities without wearing a mask. *Id.* at 8, ¶¶ 47-50. Plaintiff also alleges that her husband was permitted to enter Defendants' facility without a mask on January 6, 2023. *Id.* at 8, ¶ 51.

---

Defendants' motion to stay. *See* ECF No. 17 (order expediting briefing schedule). Although Defendants requested all deadlines be stayed pending a ruling on Defendants' motion to dismiss, Plaintiff still included dates for each deadline in the proposed scheduling order.

[2] In the amended complaint, the numbering of paragraphs jumps from 24 to 14. ECF No. 28 at 4. The Court cites to the paragraphs as labeled in the amended complaint.

Plaintiff argues that leave should be granted because "both Rule 15 and 16 are satisfied here." ECF No. 45 at 2. Plaintiff states that in the "three weeks" preceding the Motion, "Collins' counsel has learned" the information contained in the proposed new paragraphs and that this "information was unknown to Collins' counsel at the time the First Amended Complaint was filed." *Id.* at 1-2. Plaintiff additionally states that Defendants will not suffer any prejudice for reasons including that they have not filed an Answer yet and "can simply respond to this Motion by explaining why Collins' additional allegations, along with previous allegations, do not state a claim." *Id.* at 2-3.

Defendants oppose the Motion, arguing (1) Plaintiff has not shown good cause for why she could not meet the deadline to amend her complaint, as required by Rule 16(b), and (2) Defendants will be prejudiced by the amendment because their motion to dismiss is fully briefed, and allowing the amendment would lead to new lines of discovery near the end of the discovery period. *See* ECF No. 47. On March 27, 2023, Plaintiff filed her reply. ECF No. 48.

This Motion is now before the Court.

## II.     LEGAL STANDARD

When a party moves to amend the pleadings after the deadline established in the scheduling order, as is the case here, the moving party must demonstrate "(1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). "Rule 16(b)(4) is arguably more stringent than Rule 15, permitting scheduling order amendments 'only for good cause and with the judge's consent.'" *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019-20 (10th Cir. 2018) (quoting *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1195 (10th Cir. 2015)).

The Tenth Circuit has described Rule 16(b)(4)'s good-cause standard as requiring the movant to show that existing scheduling order deadlines "cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019); *see also* Fed. R. Civ. P. 16(b)(4) advisory committee's note to the 1983 amendment (stating good cause exists when a schedule cannot be reasonably met despite the diligence of the party seeking the extension). The good-cause standard requires the moving party to provide an adequate explanation for the delay. *Id.* at 988.

Good cause may be shown "if a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch*, 771 F.3d at 1240. "If the plaintiff knew of the underlying conduct but simply failed to raise [the] claims, however, the claims are barred." *Id.*; *see Renne v. Soldier Creek Wind LLC*, No. 21-4032-HLT-ADM, 2022 WL 16551343, at *4 (D. Kan. Oct. 31, 2022) ("If the movant knew for some time about the facts on which he bases the amendment, the court may deny his request to amend." (citing *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987))). "A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion." *Singer v. Lagas*, No. 21-CV-2111-JWB-TJJ, 2022 WL 990747, at *2 (D. Kan. Apr. 1, 2022).

If the movant does not establish good cause under Rule 16(b)(4), "there is no need for the Court to move on to the second step of the analysis"—whether to permit the amendment under Rule 15. *Tesone*, 942 F.3d at 990; *see also Gorsuch*, 771 F.3d at 1241 (characterizing the showing of good cause as "the threshold inquiry to consider whether amendments should be allowed after a scheduling order deadline has passed").

## III.   DISCUSSION

### A.   Plaintiff has not shown good cause under Rule 16(b).

Plaintiff has not made the good cause showing required by Rule 16(b)(4). Four of the proposed new paragraphs allege actions undertaken by Plaintiff's stepson, her stepson's significant other and her husband. ECF No. 45-2 at 8, ¶¶ 48-51. With regard to proposed new paragraph 47, the existence of the placard that states masks are required upon entry to Defendants' facilities is presumably information obtained either by Plaintiff herself or by these same family members. The new paragraphs relate to information obtained on the following dates: an unspecified date, but presumably as early as December 5, 2022 (paragraph 47); as early as December 5, 2022 (paragraph 48); as early as December 18, 2022 (paragraph 49); as early as January 9, 2023 (paragraph 50); and as early as January 6, 2023 (paragraph 51).

The primary factual allegation contained in each of the proposed new paragraphs was known to Plaintiff before the January 20, 2023 deadline to amend her complaint and, in many cases, even before she filed her first amended complaint on December 16, 2022. While some of the paragraphs contain information about additional events that occurred after the January 20th amendment deadline, those later events are mere duplicates of the events known by Plaintiff before the amendment deadline.

Plaintiff's explanation for why she did not include any of this information in either her December 16th amended complaint or in an amended complaint filed before the January 20, 2023 motion to amend deadline is that "[t]he information was unknown to [her] counsel at the time the First Amended Complaint was filed." ECF No. 45 at 2. While Plaintiff may not have timely shared this information with her counsel, there is no assertion that Plaintiff *herself* was without this information concerning her family members before the amendment deadline.

6

Instead, in her reply, Plaintiff admits that she "was aware of some of the information in the proposed Second Amended Complaint [ ] before the deadline to amend, but her counsel was not." ECF No. 48 at 1. Plaintiff does not specify what information was known to her and when. She does not explain why she did not contemporaneously tell her retained attorney about these events or when she actually did tell her counsel about this information. Instead, Plaintiff may have known about some of these facts as early as December 5, 2022, but waited until March 16, 2023, to request leave to amend. Delaying seeking leave to amend for nearly three and a half months after the first event occurred and nearly two months after the motion to amend deadline does not establish that the deadline could not have been met despite Plaintiff's diligence.[3]

As the Tenth Circuit has stated, good cause can be shown "if a *plaintiff* learns new information through discovery . . . ." *Gorsuch*, 771 F.3d at 1240 (emphasis added). Plaintiff does not cite to any authority, and the Court is unaware of any authority, holding that the relevant inquiry is when a plaintiff's attorney learns of new information, as opposed to when Plaintiff herself learned. As the party moving for leave, Plaintiff was required to establish that the existing deadline could not be met despite her diligent efforts. *Tesone*, 942 F.3d at 988. Plaintiff's decision to withhold relevant information from her attorney does not establish that diligence.

In addition, there is no adequate explanation for Plaintiff's decision to file an amended complaint on December 16, 2022, that did not contain some of the events referenced in the

---

[3] *See, e.g.*, *Eppley v. SAFC Biosciences, Inc.*, No. 20-2053-TC-ADM, 2020 WL 7353865, at *4 (D. Kan. Dec. 15, 2020) (finding a lack of good cause to modify a scheduling order because a party had not acted diligently when it allowed more than two months to lapse before serving opening discovery requests and took no meaningful action to schedule certain later-requested depositions within the discovery period provided); *see also Dryden v. City of Hays, Kan.*, No. 11-1354-KGS, 2012 WL 2993914, at *2 (D. Kan. July 20, 2012) (spending time responding to a motion for summary judgment did not constitute good cause to amend the scheduling order when the plaintiff waited well over two months before propounding initial discovery requests).

proposed paragraph 48, events that occurred on December 5 and 15, 2022. The Tenth Circuit has made clear that a party cannot meet the good-cause standard if it knew of the underlying allegations but failed to timely raise the issues. *Husky Ventures*, 911 F.3d at 1020 (citing *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248 (10th Cir. 2015) and *Gorsuch*, 771 F.3d at 1240).

Even if it had been appropriate for Plaintiff to wait to amend until the last new fact was discovered, the last new fact asserted in the proposed amended complaint—which is again a fact wholly duplicative of information known by Plaintiff before both the amendment deadline and before the filing of the first amended complaint—occurred on February 23, 2023. ECF No. 45-2 at 8, ¶ 48. Yet Plaintiff did not file her Motion until March 16th, three weeks later. ECF No. 45. Again, Plaintiff provides no explanation for this delay other than presumably she decided not to share this information with her attorney until some unknown date after February 23rd. Plaintiff's failure to act diligently weighs against any finding of good cause.

In her Motion, Plaintiff adds that no depositions have occurred in this case, but she intends to send out Rule 30(b)(6) deposition notices in the near future. *Id.* at 2. To the extent Plaintiff makes this statement to demonstrate there is no prejudice in allowing the amendment, "it is well settled that the lack of prejudice to the nonmovant does not show 'good cause' within the meaning of Rule 16(b)(4)." *Capital Sols., LLC v. Konica Minolta Bus. Sols. U.S.A., Inc.*, No. 08-2027-JWL-DJW, 2009 WL 1635894, at \*5 (D. Kan. June 11, 2009) (the court was not persuaded by the plaintiff's argument that the defendants would not be prejudiced because they had not taken any depositions at the time the motion to amend was filed); *see also Kansas Heart Hosp., LLC v. Smith*, No. 21-CV-1115-KHV-TJJ, 2022 WL 1471367, at \*2 (D. Kan. May 10, 2022) ("The lack of prejudice to the nonmovant does not show good cause."); *Sturdivant v. Blue Valley Unified Sch. Dist., USD 229*, No. 18-CV-2661-JWL-TJJ, 2020 WL 1320727, at \*2 (D. Kan. Mar. 20, 2020)

("To establish good cause under Rule 16(b)(4), the moving party must show that the deadline could not have been met even if it had acted with due diligence, and a lack of prejudice to the opposing party does not show good cause." (internal quotations omitted)).

For these reasons, the Court finds that Plaintiff has failed to show good cause under Rule 16(b)(4). This basis alone warrants denial of the Motion.

**B.      Even if the Court applied the Rule 15(a) standard, the Motion would be denied.**

Even if the Court were to find that Plaintiff established good cause for allowing the amendment out of time, the Court still would deny the Motion for failure to satisfy Rule 15(a). Rule 15(a) instructs that courts should "freely give leave when justice so requires." "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). When the amendment it not allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

A court may deny a motion to amend on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion . . . ." *Singer*, 2022 WL 990747, at *3.

Two primary factors merit the denial of this Motion even under a Rule 15(a) analysis. *First,* as explained above, the Motion was filed nearly two months after the deadline for

9

amendments to the pleadings. Plaintiff offers no adequate explanation for this delay, particularly when she knew the information in advance of the deadline and even in advance of the filing of her last amended complaint, and undue delay alone is sufficient to deny a motion to amend pursuant to Rule 15(a).[4]

*Second*, even if Plaintiff provided an adequate explanation for the delay, Defendants would suffer undue prejudice if the Court allowed Plaintiff's second amended complaint. "The Tenth Circuit has found that undue prejudice often 'occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues.'" *Pouncil v. Branch L. Firm*, No. CIV.A. 10-1314-JTM, 2011 WL 5837230, at *3 (D. Kan. Nov. 21, 2011) (quoting *Minter*, 451 F.3d at 1208). In the Rule 15(a) context, undue prejudice means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant." *Id.* "Courts typically find prejudice only when the amendment unfairly affects the [opposing parties] 'in terms of preparing their defense to the amendment.'" *Thiongo v. Airtex Mfg., LLLP*, No. 19-2783-EFM-ADM, 2021 WL 147981, at *4 (D. Kan. Jan. 15, 2021) (quoting *Minter*, 451 F.3d at 1208).

Plaintiff argues that her proposed second amended complaint would not prejudice Defendants because it does not add any new claims but "simply adds new factual allegations that

---

[4] *See Minter*, 451 F.3d at 1206 ("Denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'") (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)); *Birdsong v. Unified Gov't of Wyandotte Cnty./ Kansas City, Kansas*, No. 13-2090-JAR, 2016 WL 3855488, at *5 (D. Kan. July 15, 2016) ("Undue delay alone is sufficient to deny a motion to amend; there need not be a showing of prejudice." (citing *Cuenca v. Univ. of Kansas*, 205 F. Supp. 2d 1226, 1229 (D. Kan. 2002))); *Sturdivant*, 2020 WL 1320727 at *3 ("[i]t is within the court's discretion to deny leave to amend for untimeliness or undue delay without a showing of prejudice to the other party") (quoting *Koch v. Koch Indus.*, 127 F.R.D. 206, 210 (D. Kan. 1989)). Because the Court finds the Motion untimely and prejudicial, the Court does not address the other 15(a) factors, including futility of the amendment. *See Sturdivant*, 2020 WL 1320727, at *3.

10

demonstrate Defendants' masking policy is applied disparately." ECF No. 45 at 2. Plaintiff acknowledges that the purpose of the amendment is to counter Defendants' defenses, including Defendants' undue hardship and direct threat defenses. *Id.* Plaintiff argues that because Defendants have not filed an answer, they can simply respond to "this Motion by explaining why Collins' additional allegations, along with previous allegations, do not state a claim." *Id.* at 2-3.

But Defendants' response to this Motion is not the proper procedural mechanism by which to raise arguments related to their pending motion to dismiss. As stated above, Defendants' second motion to dismiss was fully briefed a month before Plaintiff filed this Motion. On February 10, 2023, Plaintiff filed her opposition to Defendants' second motion to dismiss. ECF No. 41. At that time, ten of the eleven dates where Plaintiff's family members allegedly entered Defendants' facilities without a mask had occurred. As Plaintiff concedes, she knew about some of the information contained in the proposed new paragraphs before the motion to amend deadline, which was nearly a month before Plaintiff filed her opposition. ECF No. 48 at 1.

Defendants argue that Plaintiff fails to adequately explain why she "opposed the Motion to Dismiss the [first amended complaint] while knowing these facts and then waited over a month after the amendment deadline to seek amendment." ECF No. 47 at 3. These actions caused Defendants to undertake the time and expense to file a reply on February 22, 2023, in support of their second motion to dismiss. ECF No. 43. If the new amended complaint is allowed, Defendants assert they "will again move to dismiss it because it suffers the same fatal defects as her two prior complaints." ECF No. 47 at 3. The time and expense related to a third round of motion to dismiss briefing could and should have been avoided had Plaintiff acted without undue delay.

11

In addition, the five new paragraphs contain factual allegations that are different from what are in Plaintiff's original and amended complaint. Plaintiff's three causes of action pertain only to how Defendants allegedly discriminated against her and failed to provide her with a reasonable accommodation. Neither Plaintiff's original nor amended complaint mention Plaintiff's stepson or his significant other. Plaintiff's husband is only mentioned twice in the first amended complaint and not for the proposition that he entered Defendants' facilities without a mask. *See* ECF No. 28 at 4, 7. Moreover, the events underlying the proposed amendment occurred five months after the last time Plaintiff alleges Defendants denied her or her daughter medical services. *See* ECF No. 45-2 at 7, ¶ 35 (on July 8, 2022, Plaintiff alleges Defendants refused to schedule an appointment for B.C.); *id.* at 8, ¶ 48 (December 5, 2022, is the first date Plaintiff alleges her stepson, his significant other or her husband entered Defendants' facilities without a mask).

As Defendants persuasively argue, the significant new factual issues raised for the first time in the second amended complaint necessarily would require a wholesale revision to the scheduling order. The briefing schedule for a third motion to dismiss "would not be fully briefed until after discovery closes." ECF No. 47 at 3. The amendment would greatly expand the scope of discovery approximately one month before the current May 5th discovery deadline, which would extend what was already a generous amount of time for discovery.[5] *Id.* (alleging that because the new allegations "seek to describe new events involving new persons," Defendants would need "to propound new discovery requests and depose these persons" with approximately

---

[5] In her reply, Plaintiff appears to allege that Defendants will not suffer prejudice if the amendment is allowed in part because Plaintiff has not served discovery requests or taken any depositions. ECF No. 48 at 2. It is not clear why Plaintiff's decision not to seek discovery has any relevance to the prejudice to Defendants, who have pursued discovery in this litigation. But nonetheless, it further supports the undue delay and untimeliness of the Motion because Plaintiff could have discovered some of this new information, including whether Defendants are aware of any individuals entering their facilities without a mask, through timely discovery.

one month left before discovery closes). Plaintiff's tactic of asserting these purportedly new facts this late in the discovery period and only after choosing to respond to a second motion to dismiss at a time when she was aware of these new facts unfairly affects and prejudices Defendants' ability to defend this lawsuit.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 45) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 31, 2023, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge